UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **LORENZO CORNELIUS** | **CIVIL ACTION NO. 08-0012** |
| **VS.** | **SECTION P** |
| **KENNETH CHEATUM, ET AL** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on January 2, 2008, by *pro se* plaintiff Lorenzo Cornelius. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Madison Parish Corrections Center (MPCC), Tallulah, Louisiana, and he complains that items of personal property and perhaps cash from his inmate commissary account were stolen by the defendants, Deputy Cheatum and Deputy Cooper. He seeks full restitution for the value of the items and an unspecified amount of damages for pain and suffering. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous.

*Statement of the Case*

On January 2, 2008, plaintiff submitted a hand-written pro se pleading entitled, "Order Application Memorandum." This rambling, virtually unintelligible document complained of the "loss of rings and necklace" the infliction of "evil injury" by Deputies Kenneth Cheatum and Patrick Cooper who are accused of either misappropriating or losing two rings and a necklace or Muslim rosary. He requested an order directing the defendants to replace the rings. He also

made unintelligible demands: "Deputy maleficence plaintiff coke tokens cash money, hair cuts, shinning [sic] boots." And, "Account Balance Further diminution see page 1 of 12 and page 12 of 12 countersuit." [doc. 1, p. 3] He also included a copy of the prison account balance for the period beginning January 2005 through June 2007. [Id., pp. 5-17]

Since his pleading was not on the form required by Local Rules of Court, he was directed to amend a provided the proper form for submitting his civil rights claim. On January 15, 2008, he re-submitted his complaint on the appropriate form.  His statement of claim was concise but indecipherable: "1 10k male air pocket diamond ring. 1 10k female ring. 1 gold (rosary chains) Surah 62:9-11 'Adan.'  Incident Sgt. Cheatman both male and female ring.  Incident(s) 1 gold (rosary chains) Patrick Cooper.  Occurred December 7, 2007, hair cut's [sic], boot shoe shine." [doc. 3, paragraph IV] He then prayed for "Full restitution guide under Earnice K. Stanley Barber License Account Blance [sic]. Pain & suffering. Free Masonry." [*Id.*, paragraph V]

On February 6, 2008, he submitted a pro se pleading styled, "Declaration in Motion of Complaint Insert."  Therein he provided the following "Summary of Plaintiff Claim and Defenses: "Plaintiff contends air pocket 10k male ring lost, contends female 10k lost and contends gold faded order by defense to mail home address 2315 Hwy 532 Minden, Louisiana 71055." [doc. 7, paragraph I]

And thereafter  set forth the following "established facts"

1. Defense signed on December 7, 2007, plaintiff straight to the point view 1019 Hall Camera. Visit from his LXX brother Bobby Stanley and Sister Earnice Stanley December 8, 2007
2. Plaintiff sensous traverse between parties by defenses late call 'Adan' Friday 10-36 2:00 Date 12/07/07.

3. Complaint tore envelope receipt only December 11, postal mailed filed ARP to Warden Jimmy Shivers [doc. 7, paragraph II]

He then noted the following "Contested Issues of Fact" – "Whether defenses give integrity and kept both 10k rings for personal gain, etc. Malfeasance plaintiff shining boots, cutting intake hair. R.S.14:134.2(A)." [doc. 7, paragraph III]

Finally, he concluded with an equally indecipherable "Affidavit in Support of the Plaintiff Motion for the Complaint Insert."  Therein he made allegations such as, "I am the plaintiff ... I make this affidavit in support of my motion for private of counsel.  In gifts support LXX family members twelve months $805.00..." and, "The complaint ... alleges that the plaintiff was subjected malfeasance misuse of force by several correctional officers token..." and, "The complaint case will require discovery and depositions of a number of witnesses before transfer employed by ex-sheriff Ted 'Lukin' Risher School Painting and Body Shop $10.00 hr. and public Griffin & Griffin Dry Wall $5.00 hr..." and "The testimony will be in sharp conflict since the plaintiff alleges that the defense drug screen him, while no property cause in their disciplinary reports 10-50..." and, "The plaintiff is serving a non-violent in a parish jail smoking facility punitive segregation for this reason he has witness three years in Blue Lodge." [doc. 7, pp. 3-4]

### *Law and Analysis*

*1. Frivolity Review*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,  malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2

F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an

arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff has submitted three separate pleadings. While the pleadings are somewhat difficult to decipher, it appears that plaintiff seeks compensation for items of personal property (and perhaps even some cash or commissary credits) which were lost or stolen by two prison officials. Plaintiff need not be afforded another opportunity to amend his complaint since it is clearly subject to dismissal on initial review in accordance with the provisions of 28 U.S.C. §§1915 and 1915A. Further, it appears that additional opportunities for amendment would serve no useful purpose.

## 2. Parratt/Hudson Doctrine

The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, Amendment XIV. However, the jurisprudence makes it abundantly clear that a prisoner's claim for the random deprivation of personal property is not cognizable under §1983. In *Parratt v. Taylor*, 451 U.S. 527, 544, 107 S.Ct. 1908, 68 L.Ed.2d 420 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Court ruled that the State's post-deprivation tort remedy provided all the process that was due. *Id.,* 451 U.S. at 536-37, 101 S.Ct. at 1913. The Due Process Clause does not embrace tort law concepts. *Id.* Although a prisoner may be afforded a remedy under state tort law for deprivation of property, the Fourteenth

Amendment does not afford the prisoner a remedy. *Daniels v. Williams,* 474 U.S. 327, 325, 106 S.Ct. 662 at 667, 88 L.Ed.2d 662 (1986).

Even in instances where intentional deprivation occurs, as is apparently alleged herein, where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Davis v. Bayless*, 70 F.3d 367 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994).

This principle (known as the *Parratt/Hudson* doctrine) rests on the premise that because the state is unable to predict random and unauthorized conduct, pre-deprivation remedies are unfeasible. *Davis*, 70 F.3d at 375, citing, *Zinermon v. Burch*, 494 U.S. 113, 128-32, 110 S.Ct. 975, 985-86, 1098 L.Ed.2d 100 (1990) (distinguishing between random unauthorized conduct and a deprivation which results from predictable conduct authorized by a State).

In this case, plaintiff's allegations, accepted as true for purposes of this Report, demonstrate that a random and unauthorized deprivation occurred when plaintiff's personal property was either lost or misappropriated by prison personnel. If adequate state law remedies are available, no further due process is required under the Constitution.

Louisiana law provides plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort committed by employees of the prison facility. See, La. Civil Code, art. 2315. This provision of state law, which is the general tort provision of Louisiana's Civil Code, provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. *Charbonnet v. Lee*, 951 F.2d 638 (5th Cir.), *cert. denied*, 505 U.S. 1205, 112 S.Ct. 2994, 120 L.Ed.2d 871 (1992).

A liberal construction of plaintiff's complaint fails to support a constitutional violation; plaintiff's claim is clearly barred by the *Parratt/Hudson* doctrine. Since plaintiff has not

demonstrated that the defendants violated his constitutional rights, his claim is not a cognizable claim under §1983.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, March 25th, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE